UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENDERSON R PRYOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1623 |
| | § | |
| MD ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment ("Motion") (Doc. No. 11).  After considering the motions, all responses thereto, and the applicable law, the Court finds that Defendant's Motion must be granted.

### I.  BACKGROUND

Plaintiff Henderson Pryor brings claims against M.D. Anderson Cancer Center ("M.D. Anderson") under Title VII.  Plaintiff, an African-American man, began working at M.D. Anderson in 2001 as a Building Attendant I.  (Pryor Depo., Doc. No. 11-1, at Appx. 5–6.)  In 2007, Larry Austin, then-acting Physical Plant Manager of the Department of Administrative Facilities Campus Operations, decided to hire Plaintiff as a Physical Plant Technician I ("PPT I") in the Exterior Business Services ("EBS") unit.  (Austin Aff., Doc. No. 11-1, at Appx.41–42.) Plaintiff worked as a PPT I until his termination in 2009.

EBS was responsible for upkeep and maintenance of the exterior of MD Anderson's buildings.  (*Id.*)  The EBS unit consisted of six total positions including two PPT I positions, two PPT III positions, a supervisor, and Mr. Austin's managerial position.  (*Id.* at Appx. 42.)  The PPT I position is the lowest-level position, PPT II is an intermediate position, and PPT III is the

1

highest-level position. (*Id.*)  A PPT I is the least mechanically skilled and generally works with others, whereas a PPT III is the most mechanically skilled and is capable of working independently. (*Id.*)

Defendant contends that it eliminated Plaintiff's position as part of cost-saving measures implemented in 2009 due to adverse economic conditions.  The entire EBS unit was eliminated, with the exception of one employee, and the work was outsourced to a vendor that was already providing similar services to Defendant. (*Id.* at Appx. 42–43; Barron Aff., Doc. No. 11-1, at Appx. 45.)  Mr. Austin was responsible for determining which EBS employee to retain, and he made this decision considering "financial constraints, disruption of service issues, operational concerns, employee skill level, and employee seniority." (Austin Aff. at Appx. 43.)  Mr. Austin decided that the remaining EBS employee would be Mr. Greg Youngblood, a PPT III. (*Id.*)  He was to perform the remaining in-house services, which consisted of checking the building entrances to make them ready for the day by emptying trash, cleaning stains, washing glass doors, and pressure washing entrance areas. (*Id.*)  Mr. Youngblood's work shift changed from 6:30 a.m.–2:30 p.m. to 3:00 a.m.–11:00 a.m. (*Id.*)  Mr. Austin's position was eliminated, but he applied for and was hired into his current job within the Facilities Division. (*Id.*)  Mr. Austin also informed the other terminated employees, Plaintiff, Patrick Terrell, and Ellis Williams,[1] that they could apply for reemployment with Defendant if they identified jobs for which they were qualified. (*Id.*)  Overall, 232 positions were eliminated within the Division of Facilities at MD Anderson. (Barron Aff. at Appx. 46.)

Mr. James Barron, who was a Human Resource Specialist within the Department of EEO and HR regulations at the time, reviewed and approved Plaintiff's termination, along with the other EBS terminations, as part of the company-wide reduction in force. (*Id.* at 44–45;

---

[1] The sixth position was vacant at the time of the reduction in force. (Austin Aff. at Appx. 42.)

Justification for Realignment, Doc. No. 11-1, at 47–48.) Mr. Barron reviewed the realignment form, EBS's general business reasons for the proposed terminations, and the specific reasons for the selection of each individual for termination. He concluded that the terminations were neither discriminatory nor retaliatory, but based solely on Defendant's business needs. (Barron Aff. at Appx. 46.)

On September 3, 2009, Plaintiff filed an EEOC charge against Defendant, alleging that his termination was based on race discrimination and retaliation. (Complaint, Doc. No. 1, at 6.) Plaintiff filed his Complaint in this Court under Title VII for the same claims. Defendant moves for summary judgment on both the race discrimination and retaliation claims.

## II. LEGAL STANDARD

A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.* "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

The Court may not make credibility determinations or weigh the evidence. *Harvill v. Westward Communications*, L.L.C., 433 F.3d 428, 436 (5th Cir. 2005). Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g.*, *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Additionally, any "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court noted that the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. "Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. International Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991); *See also Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).

## III. ANALYSIS

### A. Race Discrimination

#### 1. Prima Facie Case

To survive summary judgment on a claim of unlawful racial discrimination based on circumstantial evidence, a plaintiff must show that there is a genuine dispute of material fact concerning his *prima facie* case. To establish a prima facie case of employment discrimination, Plaintiff must establish that she: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, . . . that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.,* 375 F.3d 358, 360 (5th Cir. 2004). Defendant asserts that Plaintiff cannot establish the second and fourth elements of his prima facie case.

However, in a reduction-in-force case, which Defendant contends this is, Plaintiff need not prove the fourth element articulated above. Rather, Plaintiff must show "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003) (quoting *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir. 1996); *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 812 (5th Cir. 1991)); *see also Okon v. Harris County Hosp. Dist.*, 426 Fed. Appx. 312, 315 n.5 (5th Cir. 2011) (applying this element to a race discrimination claim).

##### a. Element 2: Qualification for the Position

Defendant conclusorily states that "Plaintiff cannot demonstrate that he meets the basic qualifications for the PPT III position which was the only remaining position in EBS after the

realignment."  (Mot. at 9.)  Defendant does not provide evidence that shows that there was no issue of material fact with respect to Plaintiff's qualifications, nor does it point to any pleadings or evidence that show that Plaintiff was unqualified for the PPT III position.  The only difference Defendant notes between the PPT I and PPT III positions is that PPT III is more mechanically skilled and is capable of working independently.  (Mot. at 7.)  Defendant also presents the "Position Descriptions" of the PPT I (Doc. No. 11-1 at Appx. 50–53) and PPT III (Doc. No. 11-1 at Appx. 54–57), but Defendant does not provide any hiring requirements.

While Defendant notes that Plaintiff's position as a PPT I did not include training or supervising other employees and that Mr. Austin never requested him to perform such activities (Austin Aff. at Appx. 42), this does not mean that Plaintiff was unqualified for the PPT III position.  The fact that Plaintiff had insufficient experience as a supervisor or working alone is a subjective standard that the employee need not meet at the prima facie stage.  *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001) (the requirement of "substantial sales experience" was a subjective requirement that the plaintiff did not need to meet to prove his prima facie case).

In fact, Plaintiff's claim is that he trained Mr. Youngblood (Compl. at 3) and other employees that made more money than he.  (Pryor Depo. at Appx. 9.)  Plaintiff stated that he took care of his own area of campus, which implied that he was trusted to work by himself.  (*See id.* at Appx 19.)  (noting that Patrick, Plaintiff's supervisor, designated a certain area as "belong[ing] to Henderson and said "that's Henderson's area because I like the way he's taking care of it").

### b. Element 4: Evidence of Discrimination

Defendant focuses on the fact that Plaintiff cannot demonstrate that he was treated differently than any similarly-situated person. (Mot. at 10–11.) However, Defendant does not address the fourth element that applies in reduction-in-force cases, where a Plaintiff must show evidence from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. Thus, the Court cannot grant Defendant's Motion on the basis of element four of Plaintiff's prima facie case.

### 2. Legitimate, Non-Discriminatory Reasons and Pretext

Where a prima facie case exists, "the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box*, 376 F.3d 305, 312 (5th Cir. 2004) (internal quotations and citation omitted).

Defendant states that its summary judgment evidence shows that Defendant's decision to terminate him was based solely on non-discriminatory business reasons. A reduction in force is a legitimate, non-discriminatory reason for termination. *See Berquist v. Wash. Mut. Bank,* 500 F.3d 344, 356–57 (5th Cir. 2007) (reorganization of department, which eliminated the plaintiff's position, was a legitimate, non-discriminatory reason for termination); *E.E.O.C. v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).

All but one position in EBS was eliminated, and much of the work was outsourced to a vendor. Defendant explains that the decision of which positions to eliminate was made entirely on the basis of race-neutral factors, including "financial constraints, disruption of service issues, operational concerns, employee skill level, and employee seniority." (Austin Aff. at Appx. 43.) In total, Defendant eliminated 232 positions within the Division of Facilities.

Plaintiff has not presented any evidence showing that Defendant's articulated reasons and reduction in force were mere pretexts to disguise race discrimination. Plaintiff's only argument is that other PPT I jobs still exist, and he relies on Defendant's responses to his second set of interrogatories (Doc. No. 14-1). In response to Interrogatory No. 5, Defendant stated that at the time of Plaintiff's termination, there were a total of 21 employees with the title PPT I, Grounds. (Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories Nos. 1–15, Doc. No. 14-1, at 2–3.) Following Plaintiff's termination, there were 20 employees with the title PPT I, Grounds, and Defendant currently employs 7 employees with that title. (*Id.* at 3, 5.) Plaintiff contends that this evidence shows that "Defendant has not eliminated EBS nor Defendant's Physical Technician I, Grounds, employees presently employed with defendant." (Resp., Doc. No. 14, at 3.) However, in the same set of interrogatory responses, Defendant clarified that none of these seven positions is within the department of Facilities Management/Exterior Business Services, but rather are with the Sign and Art Services production unit. (Defendant's Objections and Responses to Plaintiff's Second Set of Interrogatories Nos. 1–15 at 6.)

Plaintiff also relies on a list of purported EBS employees, attached as Exhibit B (Doc. No. 14-2), and contends that this is "a true and correct copy of the original record on file at MD Anderson Cancer Center. (Resp. at 5.) Defendant objects to this summary judgment evidence,

stating that it has not been produced in discovery and that it does not concede that this is a copy of a document maintained in its files. (Reply, Doc. No. 15, at 4.) The list has no title, and contains no indication that any of the employees work for EBS. As the list is not authenticated, the Court must strike Plaintiff's Exhibit B.

Therefore, Plaintiff's evidence does not raise an issue of material fact with respect to whether Plaintiff was terminated pursuant to a legitimate reduction in force. Defendant is entitled to summary judgment on Plaintiff's claim of race discrimination.

### B. Retaliation

Because the Court has concluded that Defendant has established a legitimate business reason for Plaintiff's termination, and that Plaintiff has failed to introduce evidence showing pretext, the Court must also grant Defendant summary judgment on Plaintiff's retaliation claim.

### IV. CONCLUSION

For the reasons stated in this order, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of March, 2012.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE